UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20574-CR-LENARD(s)

**UNITED STATES OF AMERICA**

vs.

**RALPH MERRILL,**

    **Defendant.**

_____/

### REPLY TO DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION TO COMPEL EXPERT WITNESS SUMMARIES IN COMPLIANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 16

    The United States of America, by and through the undersigned counsel, hereby files this Reply to defendant Ralph Merrill's Response to Government's Motion to Compel Expert Witness Summaries in Compliance with Federal Rule of Criminal Procedure 16 (DE 670) filed on March 16, 2010.

    In his reply, Merrill argues that the Government's Motion to Compel Expert Witness Summaries should be denied because (1) the Court has already ruled on the issue; (2) the Court did not require Merrill to provide expert summaries that comply with the strictures of Fed. R. Crim. P. 16 ("Rule 16"); and (3) that Merrill is not required to provide any expert summaries pursuant to Rule 16. Each argument lacks merit.

    First, contrary to Merrill's assertion, the Court has not ruled on the sufficiency of Merrill's expert summaries. In its Motion to Strike Defendant Merrill's Notice of Expert Witnesses or in the Alterative, Motion to Continue Trial (DE 633), filed on February 19, 2010, the Government requested that the Court either strike Merrill's last-minute notice of

expert testimony or continue the trial so that the Government could properly litigate issues relating to Merrill's experts before trial.  Contrary to Merrill's claim, the Government did not request that Merrill be required to provide more detailed expert summaries.  In response, on February 23, 2010,  the Court granted the Government's motion in-part, and continued the trial, so that the Government could raise any concerns it had with Merrill's experts, pre-trial, and that is exactly the purpose of the present motion.  (*See* DE 646).

Second, Merrill now claims that the Court did not order him to provide summaries of his experts' opinions to the Government.  Merrill is wrong.  On February 16, 2010, the Court ordered Merrill to provide notice as to any expert witnesses Merrill intends to call at trial as well as a summary of any testimony Merrill intends to use under Rules 702, 703, or 705 by the close of business on February 19, 2010.  *See* Feb. 16, 2010, Tr. at 52-53 ("The rule says the Defendant must, at the Government's request, give to the Government a written summary of any testimony the Defendant intends to use under Rule 702, 703 or 705 . . . please provide it . . . by the end of business tomorrow.").  To date, Merrill has failed to provide adequate expert summaries pursuant to Rule 16.

Third, Rule  16(b)(1)(C) requires Merrill to provide expert summaries.  Merrill now claims that the "Government's reliance upon Rule 16 in their Motion to Compel is misplaced as Merrill never requested Government disclosure pursuant to Rule 16, and therefore, the provisions of Rule 16 do not apply." (DE 670 at 2).  Once again, Merrill is wrong.  In fact, on February 19, 2010, Merrill **filed** his Motion to Compel Compliance with Rule 16 **and Request for Reciprocal Order**. (DE 630).  In that Motion, Merrill asked the Court to "enter a similar order directing the Government to file a supplemental notice of expert witness for any witnesses, in addition to Dr. Cheung, that the Government anticipates using

to provide testimony under Rules 702, 703, and 705." (*Id* at 3). In doing so, Merrill expressly invoked Rule 16(a)(1)(G), which provides that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial." Thus, any argument about whether the Court had the authority to issue the order it did on February 16, 2010, is academic. Merrill has requested discovery under Rule 16(a)(1)(G), and therefore he must comply with Rule 16(b)(1)(C). In other words, Merrill has demanded that the Government provide expert summaries for its witnesses, therefore Merrill now has a reciprocal obligation to provide to the Government the same information it requested.

Consequently, for the reasons provided in the Government's initial Motion to Compel and this reply, the Government respectfully requests that the Court order Merrill to provide expert summaries that comply with Rule 16(b)(1)(C), forthwith.

                                              Respectfully submitted,

                                              JEFFREY H. SLOMAN
                                              UNITED STATES ATTORNEY

                                              /s/ *Eloisa D. Fernandez*
                                              Eloisa Delgado Fernandez
                                              Assistant United States Attorney
                                              Florida Bar No. 0999768
                                              eloisa.d.fernandez@usdoj.gov
                                              U. S. Attorney's Office
                                              99 N.E. 4th Street, 8th Floor
                                              Miami, Florida 33132
                                              Telephone: (305) 961-9025
                                              Facsimile:  (305) 536-4675

/s/ *Adam L. Schwartz*
Adam Schwartz
Assistant United States Attorney
Court No. Number A5501169
99 Northeast 4th Street
Adam.Schwartz@usdoj.gov
Miami, Florida 33132-2111
Telephone: (305) 961-9284
Facsimile: (305) 530-7976

/s/ *James M. Koukios*
James M. Koukios
Trial Attorney
Court No. A5500915
james.koukios@usdoj.gov
U. S. Department of Justice
Fraud Section, Criminal Division
1400 New York Avenue, N.W.
Washington, DC 20005
Telephone: (202) 616-5535
Facsimile:  (202) 514-7021

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 22, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Adam L. Schwartz*
Adam L. Schwartz
Assistant United States Attorney